John K. SASSER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-13770.

Court of Criminal Appeals of Oklahoma.

May 25, 1966.

Malcolm Baucum, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

PER CURIAM.

Plaintiff in Error, John K. Sasser, hereinafter referred to as defendant, was charged in the District Court of Stephens County with the crime of Attempted Burglary Second Degree. He was tried by a jury, found guilty, and sentenced to One Year in the penitentiary. From that judgment and sentence he has appealed to this Court alleging numerous assignments of error, only two of which are urged in his brief.

■ Defendant's first proposition is that the evidence was wholly insufficient to support the verdict. This Court will not go into a lengthy discussion on this subject, as we have held *repeatedly* that this Court will not reverse a conviction on the ground of insufficiency of evidence if there was any substantial evidence on which the verdict of guilty could reasonably have been based. Rahal v. State, Okl.Cr. 320 P.2d 716.

■ After carefully considering the record in this case, it is clear that the evidence established:

(1) That police officers of Duncan chased at least three men away from the Surplus City Building on the outskirts of Duncan *within five minutes* of the time that the silent burglar alarm had been triggered;

(2) That immediately thereafter, the defendant was found lying on the ground, in the same direction the men were chased, with an injured leg;

(3) That he first gave the officers a false name;

(4) He later admitted his identity and told the officers the names of three companions and described their car;

(5) That a car belonging to defendant was found within a close radius of the building;

(6) The skylite in the roof had a hole cut in it;

(7) A small pair of pliers, some tin snips, and a rope were found on the roof.

The defendant offered no explanation to the jury as to his presence there. Certainly, all of the circumstances are sufficient evidence to sustain the verdict. This Court held in the case of Stumblingbear v. State, Okl.Cr., 364 P.2d 1115:

"Where there is evidence, although entirely circumstantial, from which the jury may reasonably and logically find the defendant guilty, the weight, credibility, and probative effect of such evidence is for the jury, and the Court of Criminal Appeals will not disturb the verdict for insufficiency of the evidence."

Defendant's second proposition urges that certain testimony quoted from pg. 124 of the casemade shows error in that an officer referred in his testimony to evidence that had been suppressed.

The record shows that this testimony was elicited by counsel for defendant on cross-examination, to which no objection was made, and counsel for defendant continued to question the witness about this evidence after it was suppressed. If this was error, it was invited error by counsel, and this Court has held, as in the 1963 case of Pierce v. State, Okl.Cr., 383 P.2d 699:

"This Court has repeatedly held that an appellant will not be permitted to profit by an alleged error which he or his counsel in the first instance invited by opening the question or by their own conduct; and counsel for the defendant may not profit by whatever error was occasioned by the admission of such incompetent evidence."

It is to be further noted that additional questioning concerning the suppressed evidence was obviously interrupted only by an objection *made by the State*.

The allegations of error are not supported by the record in this case, and it is the opinion of the Court that the judgment and sentence of the trial court be affirmed.