Ray HUNTER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15222.

Court of Criminal Appeals of Oklahoma.

Nov. 25, 1970.

An appeal from the Superior Court of Comanche County; Robert S. Landers, Judge.

Ray Hunter was convicted of the crime of Manslaughter in the First Degree, was sentenced to serve ten years imprisonment in the state penitentiary, and appeals. Affirmed.

J. Winston Raburn and Ernest F. Godlove, Lawton, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Robert D. McDonald, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

Ray Hunter, hereinafter referred to as defendant, was charged, tried and convicted in the Superior Court of Comanche County for the crime of First Degree Manslaughter; his punishment was fixed at ten years in the state penitentiary, and he appeals.

Briefly stated, the facts adduced at the trial reveal that Tommy Britt, a police officer of Lawton, Oklahoma, was called to 1131 Texas Avenue in Lawton on June 30, 1968. He testified that deceased's body was in the house and she had apparently been dead for some time; that there was blood on the floors, walls, and front porch. He identified certain pictures taken at the scene.

Jack Partin testified that he took certain pictures at the scene, and identified exhibits 1–4, as black and white replicas of those photographs.

Henry Cecil Hill testified that defendant came to his house and called the police.

Dr. D'Nello Brown testified that he performed an autopsy on the deceased and in his opinion the cause of death was a subdural hemorrhage to the left side of the head, caused by an external force against the head which could have been the result of a blow or a fall. He further testified that in his opinion she had been severely beaten.[1]

Belle Atkins testified for the defense and stated that the deceased drank all of the time, that deceased took pills, that deceased fell down often, and that she saw defendant and deceased the day before and at that time the deceased had bruised spots on her face. She further testified that during the last three weeks decedent was continually drunk.

C. E. Sellers testified that he lived next door to the defendant and deceased, that he never observed anything unusual at their house, that he was home on the night in question, that he did not hear anything, that he was eighty years old and not a light sleeper.

The defendant testified in his own behalf and stated that he and his wife drank a lot, that she took pills and narcotics, that his wife drank a quart of wine before he got up on the day in question, that he purchased another quart of wine, that his wife fell on the front porch and cut her head, that he bought another quart of wine, that he laid down and when he awoke his wife was dead. He testified that he had slapped her two weeks earlier, that he had slapped her in 1966, and that he did not hit her on the night she died.

On appeal, the defendant contends that certain photographs introduced into evidence were of no probative value, but were offered for the sole purpose of prejudicing the jury against the defendant and that, therefore, the introduction of the photographs into evidence was reversible error.

▬ We are of the opinion that the photographs do have probative value and therefore the trial court did not abuse its discretion by allowing them into evidence, in that the location of the bruises, contusions and abrasions was of material assistance to the jury in determining whether the injury which produced death was the result of accidentally falling, or from a beating inflicted by the defendant. We believe that this falls squarely within the rule enunciated in Pate v. State, Okl.Cr., 361 P.2d 1086, wherein we stated:

"Although it is error to receive in evidence gruesome photographs of a homicide victim, designed primarily to arouse the passion of the jury, such photographs are admissible; when they are relevant to the issues before the court and their probative value is not outweighed by the danger of prejudice to the defendant."

▬ Finding this assignment of error to be without merit, we shall next consider the defendant's contention that the evidence was insufficient to support the verdict of the jury. From the foregoing recital of facts it is readily apparent that the evidence, although circumstantial, was ample to support the verdict of the jury, if believed, and although the defendant's testimony in theory was in sharp conflict with the theory and evidence of the State, we have repeatedly held that:

"Where there is evidence, although entirely circumstantial, from which the jury may reasonably and logically find the defendant guilty, the weight, credibility and probative effect of such evidence

---

[1]. On cross-examination, Dr. Brown stated that he took a blood sample of the deceased which revealed a blood alcohol level of .5 milligrams; that 1.5 milligrams was considered to be the intoxication level. He further stated that he took the blood sample some 12 hours after the victim had died and that had he taken it earlier, it might have revealed somewhere in the range of one milligram. He further testified that there was no evidence of any barbiturates or any other drugs in the blood and that there is no tendency for this to decrease, as in alcohol.

is for the jury, and the Court of Criminal Appeals will not disturb the verdict for insufficiency of the evidence."

Stumblingbear v. State, Okl.Cr., 364 P.2d 1115. See also Sasser v. State, Okl.Cr., 414 P.2d 714 and Owens v. State, Okl.Cr., 438 P.2d 21.

Having concluded that the evidence was ample to support the verdict of the jury, we deem it unnecessary to deal with defendant's contention that the trial court erred in refusing to instruct the jury to acquit the defendant.

For the reasons above set forth, the judgment and sentence appealed from is affirmed.

BRETT, P. J., and NIX, J., concur.