Arnett ROBERTS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15273.

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1971.

Jerry Otis, Antlers, Court-appointed Counsel, for plaintiff in error.

Joe Tom Smith, Asst. Dist. Atty., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Arnett Roberts, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Pushmataha County for the offense of Larceny of Livestock; his punishment was fixed at four years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial revealed that some time between October 8 and October 16, 1966, seven heifers were taken without permission from Harrison Noel in Pushmataha County. Five of the cattle were branded "XV" on the left shoulder. Two were branded on the left shoulder with a Turkey Track brand. He subsequently observed one of his "XV" branded heifers on a ranch near Sawyer, Oklahoma. Acting upon information from an inspector for the Cattlemans' Association he identified the six other heifers at a feed lot owned by Jake Williams near Ponca City on approximately November 7, 1966.

Paul Wade, an inspector for the Cattlemans' Association, conducted the investigation of the missing cattle. He found one of the heifers near Sawyer and the remaining six at Jake Williams' feed lot. He checked the records of a Tulsa Stockyard and found the six heifers in question were sold to a Bill Low, who, in turn, sold the cattle to Jake Williams.

Pearl Noftsger, an employee of the Tulsa Stockyards, testified that his duty was to check in cattle and to place them in par-

ticular pens. He identified a drive-in ticket in his handwriting showing that on October 13, 1966, he booked in six head of cattle and placed them in pen 700. He wrote the defendant's name on the ticket as the owner of the cattle. He could not remember the identity of the person whose name he wrote.

William Clay, another employee of the stockyards, testified that on October 13th, he sold the six head of cattle in pen 700 to Bill Low. The six head were the only cattle sold on that date. Later that day a man he could not identify came to the stockyards and picked up a check for the cattle.

Loretta Wotton testified that she was employed at the stockyards and it was her duty to issue checks and to keep records of sales. The records of the company reflected that on October 13, 1966, the six head of cattle were sold by the defendant through the stockyard to Bill Low, who, in turn, consigned them to Jake Williams. She personally prepared and delivered to the defendant, whom she identified, a check for the cattle.

The defendant did not testify nor was any evidence introduced in his behalf.

The sole proposition of error contends that the verdict of the jury and the sentence pronounced by the court is not sufficiently supported by the evidence. This Court has consistently held that where there is evidence, although entirely circumstantial, from which the jury may reasonably and logically find the defendant guilty, the weight, credibility and probative effect of such evidence is for the jury, and the Court of Criminal Appeals will not disturb the verdict for insufficiency of the evidence. Hunter v. State, Okl.Cr., 478 P.2d 1001.

We conclude that from the foregoing recital of facts it is readily apparent that evidence, although circumstantial, was ample to support the verdict of the jury. The judgment and sentence is accordingly affirmed.

BRETT, P. J., and NIX, J., concur.