Roy D. CHATMAN, Petitioner,

v.

Ray H. PAGE, and the State of Oklahoma, Respondents.

No. A–16465.

Court of Criminal Appeals of Oklahoma.

April 21, 1971.

Roy D. Chatman, Pro. se.

Larry Derryberry, Atty. Gen., Paul Crowe, Legal Intern, for respondents.

BUSSEY, Presiding Judge:

Roy D. Chatman, hereinafter referred to as defendant, was convicted in the District Court of Oklahoma County on July 15, 1967, and received a five year sentence, three years to be served in the state penitentiary, and the last two years suspended. The Defendant plead guilty on February 17, 1970, to automobile theft and received a two year sentence, which he is presently serving. The defendant has been advised by the prison authorities that upon completion of his present two year term, he will have to serve the remaining two years of the two year suspended sentence, and from said ruling has perfected a Writ of Habeas Corpus to this Court.

We have previously held in Buckley v. Page, Okl.Cr., 465 P.2d 769, that "It thus appears that the legislature, either intentionally or through oversight, has removed the authority of the sentencing court to suspend a portion of the sentence imposed." Judge Nix dissented, stating: "I dissent in the above opinion by my learned colleagues for the reason that I strongly feel that a District Judge is invested with the inherent power to suspend all or any part of the sentence imposed by him."

At the time Buckley v. Page, supra, was delivered, I was reluctant to overrule the unbroken line of cases holding that the trial court did not possess the authority to suspend the execution of a sentence in part. Upon reconsideration, I am compelled to agree with Judge Nix's dissent in *Buckley,* supra. I believe the interest of justice can best be served by recognizing the power of a trial court to suspend the execution of a sentence either in whole or in part, and particularly is this true when, as in the instant case, the prosecutor, defense counsel, and the defendant labored under the misapprehension that the court possessed the inherent power to impose the judgment and sentence pronounced. The Department of Corrections is accordingly directed that the defendant is to serve the remaining revoked portion of the sentence in Case No. 33361, and the two years' sentence for auto theft, before he is released.

The Petition for Writ of Habeas Corpus is accordingly Dismissed.

NIX and BRETT, JJ., concur.