**Donald J. CURRY, Petitioner,**

v.

**Ray PAGE, Warden and the State of Oklahoma, Respondents.**

**No. A–16612.**

Court of Criminal Appeals of Oklahoma.

April 28, 1971.

Donald J. Curry, pro se.

Larry Derryberry, Atty. Gen., for respondent.

BUSSEY, Presiding Judge.

This is an original proceeding in which Donald J. Curry, hereinafter referred to as Petitioner, alleges that he is being unlawfully confined in the state penitentiary where he is currently being held by virtue of a judgment and sentence rendered against him in the District Court of Oklahoma County, Case No. CRF–69–2160, on his plea of guilty. The judgment and sentence assessed a term of five years, two years of which were to be served, and three years of which were suspended.

Petitioner alleges that he has completed serving the two years, but is being held to serve the remaining three years by prison officials who are apparently relying on prior decisions of this Court which held, in substance, that the trial court, absent statutory authority, did not possess inherent authority to suspend a sentence in part. Such, indeed, was the holding of this Court for many years until our recent ruling in Chatman v. Page (State), Okl.Cr., 484 P.2d 537 (delivered April 21, 1971),[1] wherein we held that the trial court has the inherent power to suspend a sentence, either in whole or in part. Since the decision in Chatman v. State, supra, some confusion still exists, and in order to clarify that decision, we specifically hold in the instant case, that absent legislative authorization, a trial judge has the inherent power and authority to suspend a judgment and sentence, either in whole or in part, and in the exercise of his discretion, may suspend a fine and costs, either in whole or in part.

All prior decisions of the Court to the contrary, are hereby expressly overruled, and the penitentiary officials and the Department of Corrections, are hereby directed, in the instant case, and in all future cases, to comply with the judgment and sentence pronounced by the trial court wherein a judgment and sentence is suspended in part, and release the prisoner when he has completed serving the unsuspended portion of his judgment and sentence.

---

1. In *Chatman*, petitioner contended that the judgment and sentence entered by the trial court sentencing him to five years, three years of which was to be served in the penitentiary, and two years suspended, was void and that he was entitled to his immediate discharge from a void judgment and sentence. We held that the trial court had the authority to pronounce the judgment and sentence imposed, but declined to issue an order releasing petitioner, since he had not completed serving the term of judgments and sentences rendered against him.

■ The penitentiary officials, in the instant case, are hereby directed to dismiss Donald ·J. Curry from confinement under the judgment and sentence rendered against him in the District Court of Oklahoma County, Case No. CRF–69–2160, when he has completed the unsuspended portion of his judgment and sentence, subject to the terms and conditions of the suspended sentence imposed by the District Court of Oklahoma County; and if such conditions of suspension have not been specified, he shall be returned to the District Court for the purpose of those conditions being set forth, by the Court.

Writ granted.

NIX and BRETT, JJ., concur.