**Tommy Lee HAYES, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. A–17225.**

Court of Criminal Appeals of Oklahoma.

May 31, 1972.

John W. Taber, Chandler, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for appellee.

MEMORANDUM OPINION

SIMMS, Judge:

This is an appeal from the Denial of Post Conviction Relief in the District Court of Lincoln County, Oklahoma, wherein the appellant, on the 24th day of November, 1967, in Case Numbers C–3277 and C–3278, entered pleas of guilty to charges of First Degree Manslaughter and was sentenced to concurrent Four (4) Year terms on each charge, said sentences requiring the appellant to spend the first two years of each sentence in the Oklahoma State Penitentiary and the two year balance to be suspended during his good behavior.

The record reflects no appeal was perfected from those judgments and sentences and further that after serving the first two years of the sentences, the appellant was released from the penitentiary and, thereafter, on November 30, 1970, was convicted of the crime of Driving While Intoxicated in the District Court of Pottawatomie County. As a result of the conviction, the District Attorney sought an order revoking the suspended portions of the two sentences on March 1, 1971; and that following a hearing at which the appellant was present in person and represented by counsel, the court found, in fact, that by reason of the Driving While Intoxicated conviction, the appellant had violated the "good behavior" portion of his suspended sentence and was ordered to serve the last two years in the state penitentiary. The appellant did not seek to appeal the revocation order, but sought rather to proceed on an application for Post Conviction Relief, which application was heard on the the 20th day of December, 1971, and the same was denied.

The basic arguments asserted below in the application for Post Conviction Relief are the same raised before this Court, and the two basic propositions indicate that the appellant, by virtue of the case of Buckley v. Page, Okl.Cr., 465 P.2d 769 (1970), feels that the trial court, under the law existing at the time of sentence, did not have the au-

thority to suspend the portion of the sentence imposed and that, therefore, the sentence is void and further by reason of the fact that the sentence could not lawfully be imposed, that the plea of guilty entered has been deprived of its voluntary character. Further, the appellant claims that the proper terms and conditions of the suspended sentence were not properly set out.

■ The Attorney General's brief quickly and concisely disposes of the major proposition in citing the case of Chatman v. Page, Okl.Cr., 484 P.2d 537 (1971), and Curry v. Page, Okl.Cr., 484 P.2d 887 (1971), wherein this Court specifically overruled the *Buckley* case and its forerunners holding that the trial judge has the inherent power to suspend any portion of the sentence which he imposes.

■ As to the second proposition, it is well-settled law in the State of Oklahoma that the conviction of a crime is contrary to a condition of "good behavior" insofar as the condition of a suspended sentence is concerned. As we held earlier this year in a revocation situation:

> " * * * [A] formal adjudication of guilt of a criminal offense is *conclusive* evidence of violation of rules of probation and suspended sentence may be revoked on the sole ground of conviction. * * * " Carson v. State, Okl.Cr., 493 P.2d 1397 (1972).

A review of the record and the pleadings in this case indicate that the trial court's findings of fact and conclusions of law were and are supported by the record and that there is nothing to indicate any fundamental or prejudicial error either in the conviction or the post conviction proceeding.

For the reasons herein stated, the trial court's Denial of Post Conviction Relief is affirmed, and the appellant is advised he has now exhausted all of his State remedies.

BUSSEY, P. J., and BRETT, J., concur.