the ground. Moore got out of the car and was struck by the fourth unidentified person. Moore attempted to scuffle with the person and Olson's dog attempted to jump out of the car to help Moore. Defendant thereupon shot the dog, killing him. The defendant ordered Olson out of the car and demanded his billfold, threatening to shoot him. Olson and Moore ran from the scene with two shots being fired at them.

William Rex Moore's testimony did not differ substantially from that of the Witness Olson.

For the defense, Nadine Taylor testified that she was the mother of Co-defendant Taylor and that on the evening in question, defendant was at their home in Spencer until 5:00 p. m., when he left to visit a friend, Donnie Railback. He returned home at approximately 8:45 p. m.

Barbara Ann Johnson, Marshall LeDay, John T. Rogers, Michael LeDay, Terry Railback, and Robert Taylor each testified substantially that Defendant Taylor was at the Railback house visiting with them from about 5:30 p. m. to around 9:00 p. m. on September 26, 1971.

Defendant Taylor testified that he was at the Railback house from 5:30 p. m. to approximately 9:00 p. m. He denied knowing the defendant or Co-defendant Roberts prior to September 26, 1971. He denied any knowledge of the robbery.

Defendant testified that he did not know the Co-defendant Taylor or the Co-defendant Roberts. He denied owning or having a pistol and any participation in the robbery of Olson and Moore. He admitted a prior conviction for Grand Larceny.

Co-defendant Roberts testified that on the evening in question, he was at a friend's house at 2500 North Laird until after midnight. He denied knowing the defendant or Co-defendant Taylor and denied any participation in the robbery. He admitted a prior conviction for robbery.

■ The first proposition contends that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the

record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805.

■ The final proposition asserts that the punishment is excessive. We have previously held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case and that this Court does not have the power to modify sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the Court. Roberts v. State, Okl.Cr., 473 P.2d 264. From the foregoing statement of facts we cannot conscientiously say that the punishment imposed shocks the conscience of this Court.

The judgment and sentence is affirmed.

SIMMS and BRETT, JJ., concur.

*Melvin Louis* **ROBERTS**, *Appellant*,

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17549.**

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1972.

Rehearing Denied Oct. 2, 1972.

is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, this Court will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805.

 The second proposition contends that the punishment is excessive. Suffice it to say that we cannot conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of this Court.

The judgment and sentence is accordingly affirmed.

SIMMS and BRETT, JJ., concur.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

BUSSEY, Presiding Judge:

Appellant, Melvin Louis Roberts, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, for the offense of Robbery with Firearms, After Former Conviction of a Felony; his punishment was fixed at forty (40) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Defendant was tried jointly with Co-defendants Ricky Leon Green and Eddie Dean Taylor. We do not deem it necessary to reiterate the statement of facts as the same was set forth in Green v. State, Okl.Cr., 501 P.2d 219.

The first proposition contends that the verdict is not supported by the evidence. We have consistently held that where there

**Bernard French ELLIS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17598.**

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1972.

