James Daniel MURRAY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–576.

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1976.

Richard A. Hoffman, Asst. Public Defender, Tulsa, Andrew E. Wood, Legal Intern, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., John Powers, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

James Daniel Murray, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF-75-2455, for the offense of Burglary in the Second Degree, in violation of 21 O.S.1971, § 1435, After Former Conviction of a Felony. His punishment was fixed at fifteen (15) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Johnny Ray Stowe testified that on October 10, 1975, he was employed at Parks Service Station at 2627 East Pine in Tulsa County, Oklahoma; that at approximately 10:30 p.m. he closed the station and checked all the doors to make sure they were locked.

Roscoe Benton testified that he was the service station manager of Parks Oil Company No. 4, located at 2627 East Pine, and resided next door to the station; that on October 10th he left his home about 9:30 p.m. to go bowling. He and his wife returned at approximately 2:00 o'clock the following morning and noticed a car sitting in front of the station with the trunk and the driver's door open. He flagged down a passing police officer and they proceeded to search the station. They checked the four doors and found that all were secure. As the officers were starting to leave, his wife noticed a light shining in the men's restroom. He unlocked the door and observed a person lying on the floor. He called the officers over and they subsequently removed the defendant from the restroom. Upon entering the restroom he observed a tire tool on the floor and that the padlock from one of the prophylactic machines had been removed. He identified State's Exhibit No. 1 as the tire tool and State's Exhibit No. 2 as the lock from the machine. He testified that when he opened the station the previous morning the lock had been securely fastened on the machine. He subsequently observed a jimmy mark on the door knob of the restroom.

Officer Donald Perryman testified that in the early morning hours of October 11th, he was flagged down by Mr. Benton in front of the Parks Station. They checked all the doors and did not find anything amiss. As he was preparing to leave, Mr. Benton's wife noticed a light under the bathroom door. Mr. Benton opened the door with a key and he observed the defendant lying on the floor. Defendant appeared to be in a drunken stupor. He identified State's Exhibit No. 1 as a lug wrench which was found on the floor of the restroom. He returned to the restroom and found that a lock had been removed from one of the machines. He took defendant to the city jail and upon a routine search found State's Exhibit No. 2, the lock, in defendant's left hip pocket.

For the defense, Kathy Dore testified that she was employed as a court reporter and recorded the preliminary hearing in the instant case.

Defendant recalled Roscoe Benton. Benton testified that he did not recall testifying at the preliminary hearing the following answer: "A. Yes, every three months." He further testified that he did not recall testifying that he did not observe the doorjamb on the night in question.

Kathy Dore was recalled and testified that Mr. Benton testified at the preliminary hearing that a man came around and

checked the machines every three months. Mr. Benton further testified that he did not notice the condition of the doorjamb until the following morning.

Rose Hudson, defendant's aunt, testified that the defendant came to her home at approximately 12:30 on the morning in question. Defendant was with her son, Kenneth, and they were both drunk. Defendant left between 1:00 and 2:00 a.m. Stating that he was going to go see his mother and father at Wagoner.

Ray Murray testified that he was with the defendant on the evening of October 10th, bar-hopping; that they consumed three-quarters of a case of beer and several bottles of whiskey and scotch. They went to his mother's home at approximately 1:00 a.m. and defendant was very intoxicated. Defendant left in his car to go visit his mother and father. He purchased the car the previous day and it did not contain a tire tool.

Richard Johnson, a criminal defense investigator for the Public Defenders Office, testified that he went with defense counsel to Parks Service Station the day prior to trial; that he examined the men's restroom door and found that the bolt would not engage in the striker unless the door was slammed very hard.

In the second stage of the bifurcated trial, the defendant stipulated that he had previously been convicted of four felonies.

■ Defendant asserts, in the first assignment of error, that the verdict is not sustained by sufficient evidence. We are of the opinion that this assignment of error is wholly without merit. Defendant was found inside a locked restroom of the service station after it had been closed and securely locked for the evening. The padlock from a prophylactic machine had been broken off inside the restroom and a tire tool was found laying underneath the defendant. The padlock from the machine was subsequently found upon defendant's person. We are of the opinion that the evidence, although circumstantial, was suf-

ficient to support the jury's verdict. In *Box v. State*, Okl.Cr., 505 P.2d 995 (1973), we stated:

". . . It is the fundamental rule that where there is evidence, although circumstantial, from which the jury may reasonably and logically find the defendant guilty, the weight, credibility, and probative effect of such evidence is for the jury, and the Court of Criminal Appeals will not disturb the verdict for insufficiency of the evidence. *Roberts v. State*, Okl.Cr., 479 P.2d 623, 624 (1971)."

■ Defendant contends, in the second assignment of error, that the trial court erred in allowing the Assistant District Attorney to make prejudicial and inflammatory remarks during the course of the trial. We have carefully examined each of the alleged improper remarks and find that the same did not deprive the defendant of a fair and impartial trial. In *Samples v. State,* Okl.Cr., 337 P.2d 756 (1959), we stated:

"In view of the evidence, we must apply the principle long adhered to by this court that a conviction will not be reversed for alleged misconduct of the prosecuting attorney, unless this court can say that the prosecuting attorney was not only guilty of misconduct, but that such misconduct might, in some degree, have influenced the verdict against the defendant. *Davis v. State*, 7 Okl.Cr. 322, 123 P. 560; *Campbell v. State*, 23 Okl.Cr. 250, 214 P. 738."

■ Defendant asserts, in the third assignment of error, that the trial court erred by not sustaining the Motion in Limine to prevent the State from introducing evidence as to property in the service station, but not in the restroom. We agree with the trial court's ruling. The provisions of 21 O.S.1971, § 1435, are as follows:

"Every person who breaks and enters any building *or any part of any building,* room, booth, tent, railroad car, automobile, truck, trailer, vessel or other struc-

ture or erection, in which any property is kept, or breaks into or forcibly opens, any coin operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree." [Emphasis added]

We thus conclude that the evidence of property kept in other portions of the service station was properly admitted.

Defendant next contends that the accumulation of errors and irregularities in the trial, when considered as a whole, deprived him of a fair trial. We need only observe inasmuch as we have found the first three assignments of error to be without merit, it necessarily follows that the fourth assignment is similarly without merit.

■ Defendant's final assignment of error is that 22 O.S. § 991a is unconstitutional, as an unlawful invasion of the powers of the court by the Legislature. This section provides that a person with two prior felony convictions is not eligible for a suspended sentence. In *Black v. State,* Okl.Cr., 509 P.2d 941 (1973), wherein defendant contended that 63 O.S. § 2–401 was unconstitutional, we stated:

"The defendant argues that the section is unconstitutional and that Legislature has exceeded its constitutionally limited powers by invading the judicial domain, that the denial of the possibility of probation constitutes cruel and unusual punishment and violates due process and equal protection of the laws. We are of the opinion that the Legislature properly exercised its power to prohibit suspension of a sentence in a given case as an inherent part of its power to prescribe punishment for the acts which it has prohibited as criminal.

As in *Black v. State,* supra, we are of the opinion that the Legislature properly exercised its powers to prohibit suspension of a sentence wherein defendants have two prior felony convictions as an inherent part of its power to prescribe punishment.

For all of the above and foregoing reasons, the judgment and sentence appealed from is accordingly *AFFIRMED*.

BLISS, J., concurs.

BRETT, Presiding Judge (concurring in part, and dissenting in part).

I concur that the evidence was sufficient to sustain a conviction for second degree burglary, but I believe the sentence is excessive; and I dissent to that part referring to this Court's ruling in *Black v. State,* supra.