The STATE of Oklahoma, Appellant,

v.

Alice Mae JOHNSTON, a/k/a Frances Rochelle Gaines and Floyd Martin, District Judge, Appellees.

No. O–76–387.

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1977.

Andrew M. Coats, Dist. Atty., James P. Laurence, Asst. Dist. Atty., Oklahoma County, for appellant.

Floyd Martin, District Judge, Oklahoma County, for appellees.

## OPINION

BUSSEY, Presiding Judge:

This is an appeal brought by the State of Oklahoma, under authority of 22 O.S.Supp. 1975, § 1053.1 from an order of the District Court, Oklahoma County, holding part of 22 O.S.1971, § 991a, unconstitutional.

Alice Mae Johnston, also known as Frances Rochelle Gaines, hereinafter referred to as the defendant, entered a plea of guilty to the charge of Larceny of Merchandise from a Retailer, in violation of 21 O.S.1971,

§ 1731. A presentence report reflected four prior felony convictions in State court and one conviction in Federal court. Judge Floyd Martin sentenced defendant to two (2) years' imprisonment and suspended execution of that sentence. In doing so, Judge Martin held unconstitutional the section of 22 O.S.1971, § 991a, which limits the court's authority to suspend sentences of defendants with three or more felony convictions. The specific section found unconstitutional follows:

"Subsection (1) [referring to suspension of sentence in whole or in part] hereof shall not apply to persons being sentenced upon their third or subsequent to their third conviction of a felony."

Judge Martin based his ruling upon Art. IV, § 1, of the Oklahoma Constitution:

"The powers of the government of the State of Oklahoma shall be divided into three separate departments: The Legislative, Executive, and Judicial; and except as provided in this Constitution, the Legislative, Executive, and Judicial departments of government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others."

Judge Martin cited as authority *Curry v. Page,* Okl.Cr., 484 P.2d 887, 888 (1971), wherein it was held in substance that:

"[A]bsent legislative authorization, a trial judge has the inherent power and authority to suspend a judgment and sentence, either in whole or in part, . . . ."

Also, see, *Chatman v. Page,* Okl.Cr., 484 P.2d 537 (1971).

*Curry* and *Chatman,* supra, were written without the benefit of extensive research into the limitations upon the inherent power exercised by the courts of England and later by the courts of this country, after the adoption of the United States Constitution.

■ After a thorough and complete examination of all the authorities, both in England and in this country, we can arrive at no other conclusion than that the decisions rendered in *Curry* and *Chatman,* supra, are incorrect. These decisions were premised upon the assumption of an inherent power which trial courts do not possess at common law, nor has the Federal Constitution been interpreted as giving rise to such inherent powers.

The Supreme Court of the United States, in the well reasoned and exhaustive opinion delivered in *Ex parte United States,* 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129 (1916), disavowed the inherent power of a judge to suspend the execution of a judgment and sentence.

The question before that court was: Does a Federal District Judge exceed his power by ordering that the execution of a sentence to imprisonment imposed by it upon a plea of guilty be suspended indefinitely during good behavior upon considerations wholly extraneous to the legality of the conviction?

In studying the views of England's most distinguished scholars and jurists, the Supreme Court referred specifically to Sir Matthew Hale's "Pleas to the Crown" and Sir William Blackstone's "Commentaries on the Laws of England."

We also cite, with approval, the words of that eminent jurist Hale when he stated:

"Sometimes the judge reprieves before judgment, as where he is not satisfied with the verdict, or the evidence is uncertain, or the indictment insufficient, or doubtful whether within clergy; and sometimes after judgment, if it be a small felony, tho out of clergy, or in order to a pardon or transportation. Crompt. Just. 22.b. and these arbitrary reprieves may be granted or taken off by the justices of gaol-delivery, altho their sessions be adjourned or finished, and this by reason of common usage. Dy. 205.a." Hale, Book II, Chapter LVIII, page 412.

The views expressed by Blackstone also support the ruling in *Ex Parte United States,* supra. In his commentaries, Blackstone stated the following:

"The only other remaining ways of avoiding the execution of a judgment are by a reprieve, or a pardon; whereof the for-

mer is temporary only, the latter is permanent.

"I. A reprieve, from reprendre, to take back, is the withdrawing of a sentence for an interval of time; whereby the execution is suspended. This may be, first, ex arbitrio judicis; either before or after judgment: as, where the Judge is not satisfied with the verdict, or the evidence is suspicious, or the indictment is insufficient, or he is doubtful whether the offence be within clergy; or sometime if it be a small felony, or any favourable circumstances appear in the criminal's character, in order to give room to apply to the crown for either an absolute or conditional pardon. These arbitrary reprieves may be granted or taken off by the justices of gaol-delivery, although their session be finished, and their commission expired: but this rather by common usage, than of strict right." Blackstone's Commentaries, Book IV, Chapter XXXI, page 394.

In *Ex Parte United States,* the Supreme Court said:

"While it may not be doubted under the common law as thus stated that courts possessed and asserted the right to exert judicial discretion in the enforcement of the law to temporarily suspend either the imposition of sentence or its execution when imposed to the end that pardon might be procured, or that a violation of law in other respects might be prevented, we are unable to perceive any ground for sustaining the proposition that, at common law, the courts possessed or claimed the right which is here insisted upon."

■ Having thus determined that the Honorable Floyd Martin committed fundamental and reversible error, and that *Curry* and *Chatman,* supra, should be and the same are hereby expressly overruled, we now turn to the question of whether the Legislature possessed the constitutional power to enact the provisions of 22 O.S. 1971, § 991a:

"Under its general police power, the legislature is vested with the authority to define those acts or omissions which con-stitute a criminal offense and to prescribe the punishment therefor. *Lambert v. State,* Okl.Cr., 374 P.2d 783. Generally in construing the reasonableness of legislation as applicable to the legislative exercise of police power, the presumption is in favor of the reasonableness and validity of the law. The courts in passing upon statutes enacted under authority of police powers must disregard all matters that relate to the wisdom or policy of the act, and may declare an act void only when it clearly appears that it bears no real or substantial relation to the police power, or the means adopted for effecting the object are manifestly unreasonable. Further, the measure of reasonableness of a police power regulation is what is fairly appropriate to its purpose under all circumstances and not necessarily what is best. *Hud Oil and Refining Company v. City of Oklahoma City,* 167 Okl. 457, 30 P.2d 169; *Shops v. State Dry Cleaners' Board et al.,* 192 Okl. 251, 135 P.2d 332. When the exercise of the police power bears a reasonable relationship to a legitimate purpose, the courts may not interfere. *People v. Fries,* 42 Ill.2d 446, 250 N.E.2d 149." *Doyle v. State,* Okl.Cr., 511 P.2d·1133, 1137 (1973).

Our holding today reaffirms our decision in *Murray v. State,* Okl.Cr., 556 P.2d 635 (1976) which cited with approval *Black v. State,* Okl.Cr., 509 P.2d 941 (1973).

For all the above and foregoing reasons, the order of the trial court, holding unconstitutional part of 22 O.S.1971, § 991a is hereby REVERSED and the Honorable Floyd Martin is instructed to vacate his order entered on September 27, 1976, suspending sentence of the defendant and proceed with judgment and sentence in accordance with 22 O.S.1971, § 991a and with the views expressed in this opinion.

Appeal by the State of Oklahoma from the ruling of the Honorable Floyd Martin, holding unconstitutional provisions of 22 O.S.1971, § 991a, REVERSED AND REMANDED WITH INSTRUCTIONS AND FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION.

BLISS, J., concurs.

BRETT, J., dissents.