**Charles Bryson CHANDLER, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-77-338.**

Court of Criminal Appeals of Oklahoma.

July 11, 1978.

Irven R. Box, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Jerry Earl Benson, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Charles Bryson Chandler, Jr., hereinafter referred to as the defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–74–400, for the offense of Robbery With Firearms, in violation of 21 O.S.1971, § 801. His punishment was fixed at forty (40) years' imprisonment. From said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Michael Adams testified that on October 13, 1973, he was employed at Zack's Discount Grocery, as the Assistant Manager. He further testified that a dark haired male, wearing a ski cap, pulled half way down his forehead, pointed a gun at him and demanded money. He gave him the money and the robber left the store. He testified that he could not identify the person who robbed him.

Allen Brown testified that he was at Zack's Grocery on the evening in question. He was in a courtesy booth with Mike Hill when a man, whom identified in court as the defendant pointed a gun and demanded "all of the money." [Tr. 23]. He testified that he later picked out the defendant's picture from a series of five pictures shown to him by a police officer.

Detective Royce Robinson testified that he contacted Allen Brown concerning the robbery on January 30, 1974. Brown identified the defendant as the robber from a group of five pictures.

The defendant testified that in October, 1973, he wore a beard and mustache as he did each winter. He could not recall his activities on October 13, 1973, but did know that he did not rob the grocery store. He admitted previous convictions for burglary in the second degree and altering securities of the United States Government.

The defendant asserts in his first assignment of error that the verdict was not supported by sufficient and competent

evidence. We need only observe that the evidence although conflicting was clearly sufficient to support the verdict of the jury. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, this Court will not interfere with the verdict of the jury even though there is a sharp conflict in the evidence and different inferences may be drawn, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See *Roberts v. State,* Okl.Cr., 501 P.2d 220 (1972) and *Palmer v. State,* Okl.Cr., 493 P.2d 1116 (1972). Defendant additionally urges two other propositions under this assignment of error. Defendant first urges that Officer Robinson interjected an evidentiary harpoon which prejudiced him and caused the jury to reach an irrational decision. The record reflects that during the cross-examination of the officer the following transpired:

"Q. Did you handle an armed robbery pertaining to Zack's Grocery on the 13th day of October, 1973?

"A. Yes, sir; I was involved in that investigation.

"Q. What part did you play, Officer Robinson, at that time?

"A. I received information from a confidential informant—" [Tr. 35].

We agree with the defendant's contention that the response was improper, however, we must find that this proposition is improperly before this Court. The defendant objected to the response of the witness which objection was properly sustained by the trial court. Defendant should have requested the trial court to cure the error by admonishing the jury to disregard the response. See *Cook v. State,* Okl.Cr., 367 P.2d 730 (1962) and *Hobson v. State,* Okl.Cr., 277 P.2d 695 (1954). We would further observe that the defendant was not prejudiced by the response in that there was no further testimony as to any information gained from the confidential informant. See 20 O.S.1971, § 3001.

■ Defendant next urges under this assignment of error that he was prejudiced by the improper cross-examination of him by the prosecuting attorney concerning his former convictions. We carefully examined the asserted misconduct and observe that the cross-examination was not so grossly improper or unwarranted so as to have affected the defendant's rights. See *Samples v. State,* Okl.Cr., 337 P.2d 756 (1959) and *Murray v. State,* Okl.Cr., 556 P.2d 635 (1976). We would further observe that the record reflects that the defendant was not responsive to the questions propounded to him by the prosecuting attorney requiring the trial Judge on two occasions to admonish him. Representative responses by the defendant are as follows:

"A. 16 and 72 is—I don't know. I can't think right now. You'll have to figure it up yourself." [Tr. 50–51].

\* \* \* \* \* \*

"A. I'll put it to you, I'll tell you the truth, I'm not sure of the year. Does that straighten you out real good?" [Tr. 51].

\* \* \* \* \* \*

"A. I don't remember." [Tr. 52].

\* \* \* \* \* \*

"A. I answered the question a while ago." [Tr. 53].

\* \* \* \* \* \*

"A. I don't remember. What are you saying?" [Tr. 53].

\* \* \* \* \* \*

"A. Your trigger ain't that good." [Tr. 53].

We have previously held that a defendant will not be permitted to profit from an alleged error which was invited by opening the question or by his own conduct. See *Pierce v. State,* Okl.Cr., 383 P.2d 699 (1963) and *Sasser v. State,* Okl.Cr., 414 P.2d 714 (1966). Therefore, defendant's second assignment of error is without merit.

■ For his final assignment of error the defendant alleges that his punishment is excessive. This Court has uniformly held that we do not have the power to modify a sentence unless we can conscientiously say

that by a study of all the facts and circumstances that the sentence is so excessive as to shock the conscience of this Court. *Roberts v. State,* Okl.Cr., 501 P.2d 220 (1972). In the instant case we cannot conscientiously say that the sentence imposed shocks the conscience of this Court.

The judgment and sentence is accordingly AFFIRMED.

CORNISH and BRETT, JJ., concur.