*In re* Opinion of the Judges.

Opinion Filed November 9, 1909.

(105 Pac. 325.)

**COURTS—State Appellate Courts—Criminal Jurisdiction.**   Upon the creation of the Criminal Court of Appeals, all criminal jurisdiction theretofore vested in this court ceased and vested in that court, together with the authority to express an opinion on matters referred pursuant to Wilson's Rev. & Ann. St. Okla. 1903, sections 5588, 5589, should said sections by that court be held constitutional.

On application by the Governor for an opinion of the court relating to the subject herein discussed, the Supreme Court handed down the following, by Turner, J.:

To Hon. C. N. Haskell, Governor of the State of Oklahoma:

Responding to your official communication of the 2d inst., addressed to the Chief Justice of this court, accompanied by the record in the case of *State of Oklahoma v. Henry T. Armstrong*, convicted of murder in the district court of Noble county March 26, 1909, and sentenced March 29, 1909, to hang on May 21, 1909, but subsequently superseded, requesting that we furnish you an opinion thereon pursuant to Wilson's Rev. & Ann. St. Okla. 1903, § 5589, we have to say that, after having given said request that consideration which it is entitled to receive, emanating, as it does, from so high a source, we feel that we should refrain from acceding to it. Independent of any opinion heretofore expressed by us which might be considered as a precedent, and viewing the matter anew, we deem it proper at this time to state briefly our reasons for so refraining.

The powers of the state government are, under the Constitution, divided into three distinct departments—legislative, executive, and judicial—and the duties of each department are distinctly defined. These departments are independent of each other and sovereign within their respective spheres. Neither can exercise the powers properly belonging to the other, and "it is the duty of each

to abstain from and oppose encroachments on another." It is also true, as stated by Chief Justice Jay, in *Hayburn's Case,* 2 Dall. (Pa.) 409, 1 L. Ed. 436:

"That neither the legislative nor the executive branches can constitutionally assign to the judicial any duties but such as are properly judicial and to be performed in judicial manner."

The statute, *supra,* purports to impose on this court a duty which, if discharged, would amount neither to a judicial act, nor one to be performed in a judicial manner, but one which, in effect, would make the judges of this court, or some one of them, advisers of the Governor. Such is manifestly inconsistent with judicial duties and repugnant to the Constitution, and for that reason we refrain from acting pursuant thereto.

Whether, under the territorial organization, said statute would have been sustained, we need not consider, but think it sufficient to say that only such territorial laws as are not repugnant to the Constitution are extended to and remain in force in the state by the schedule to that instrument. The jurisdiction of this court is defined by section 2, art. 7, of the Constitution. When the Criminal Court of Appeals was created (chapter 28, p. 291, Sess. Laws Okla. 1907-08; *Byers v. Territory of Oklahoma.* 24 Okla. 811, 105 Pac. 998), its criminal jurisdiction ceased. Your request pertains to to a criminal action.

If this court, or the members thereof, had theretofore any authority to express an opinion on the matter referred, the same, on the creation of the Criminal Court of Appeals, vested in that court and no longer exists with this court. But there is grave doubt as to whether or not the act under which you propound to make your request to this court is not in conflict with the Constitution. See: *In re Application of the Senate,* 10 Minn. 78 (Gil. 56); *Rice v. Austin,* 19 Minn. 103 (Gil. 74), 18 Am. Rep. 330; 6 Am. & Eng. Enc. of Law, 1067, and cases cited; 8 Cyc. 847, and cases cited.

All the Justices concur.