### GINSBERG v. UNITED STATES.[*]
No. 8418.

Circuit Court of Appeals, Fifth Circuit.
April 14, 1938.

*Rehearing denied June 4, 1938.

Howard Dailey, of Dallas, Tex., and Fred Erisman, of Longview, Tex., for appellants.

Clyde O. Eastus, U. S. Atty., of Fort Worth, Tex., and Clyde G. Hood, Asst. U. S. Atty., of Dallas, Tex.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

Louis Ginsberg, Guy Payne, and Uhle Eichenbaum appeal from convictions for conspiracy to violate the federal narcotic laws and for substantive violations of them. Errors assigned are a refusal of a bill of particulars, refusal to quash the indictment before trial and, on conclusion of the government's case, refusal of a continuance, refusal of instructed verdict of not guilty, refusal to exclude evidence got by wire tapping, and as to a misconduct of the prosecuting attorney and a charge of the court to the jury. The sentences also are asserted to be cruel and unusual punishment.

The indictment charges the appellants and several other persons in two counts with conspiracies to possess and sell opium derivatives from unstamped packages and not in pursuance of order forms, and to conceal, buy, and sell and transport illegally imported opium derivatives, stating in each count more than 50 overt acts done by them severally. There were also 58 other counts charging them all with substantive crimes of the sort contemplated in the conspiracies. The bill of particulars sought was one which would state just what it was claimed each defendant did in respect of each substantive offense. Much such information was given in the overt acts of the conspiracy counts. The substantive counts were full enough to identify the transactions referred to, stating place and time and person dealt with. No surprise was likely; all the defendants were charged with participation in each transaction. The grant of a bill of particulars is always discretionary. Wong Tai v. United States, 273 U. S. 77, 47 S.Ct. 300, 71 L.Ed. 545. The subsequent trial does not indicate that any surprises in fact occurred.

The separate but identical motions to quash which were filed by each appellant assert in a general way that there is a misjoinder of persons and offenses in the indictment, and that the evidence will show that various substantive offenses alleged were committed independently by some defendants at one time and some by other defendants at a different time, and will fail to connect the movant with all the defendants or transactions. They make no attempt to point out which counts each movant considered to be improperly joined with the charges against himself. On the face of the indictment the crimes were of the same class, and apparently connected together and participated in by all the defendants. They could be joined under 18 U.S.C.A. § 557; Davis v. United States, 5 Cir., 12 F.2d 253. If by mistake or bad intention different offenses com-

436

mitted by different persons had been joined, with an unjustified allegation that all had participated in each, evidence ought to have been offered to satisfy the court of the camouflaged misjoinder. None was apparently offered. It is argued that no answers were made to the motions and that their allegations were thereby admitted. No answer to such a motion is required. The movant must uphold his motion. No cause for quashing the indictment was made to appear. Indeed, the allegations of misjoinder were too vague to raise any definite question.

The motions were renewed at the close of the evidence for the government. It is asserted that the evidence then showed the misjoinder. At that time one defendant had been granted a severance and another had pleaded guilty to some counts and been discharged as to the others. As to the appellants and other defendants the evidence showed clearly enough to convince the jury beyond a reasonable doubt that they all were in the conspiracies and were guilty of each of the substantive charges (except five on which the court directed acquittal). Aside from the question whether an objection of misjoinder can be raised after jeopardy has attached, the verdict of the jury here makes it plain that there was no misjoinder of the charges on which the appellants were convicted, and no possible embarrassment arising from the original joining of the two defendants who had passed out of the trial.

The separate motions for severance were as vague as the motions to quash. They presented no definite situation for the court's consideration because of which a joint trial would be unfair. Severance in the federal courts is not a right but rests in the court's discretion. No abuse of discretion appears here. United States v. Marchant & Colson, 12 Wheat. 480, 6 L.Ed. 700; Ball v. United States, 163 U.S. 662, 16 S.Ct. 1192, 41 L. Ed. 300.

The ground for continuance put forward was that the movants had been imprisoned since the indictment was returned, that the allegations covered transactions in several states, and they had been refused a bill of particulars. They had active and able counsel. It is no uncommon thing for accused persons to be unable to give bail. No witnesses or documents were referred to as desired. Six weeks elapsed between the arrest and the trial. No abuse of discretion appears in denying the continuance. Isaacs v. United States, 159 U.S. 487, 16 S.Ct. 51, 40 L.Ed. 229; Goldsby v. United States, 160 U.S. 70, 16 S.Ct. 216, 40 L.Ed. 343.

The evidence, both direct and circumstantial, abundantly establishes the conspiracies and a very large criminal business done pursuant to them. The defendants offered no evidence. There was no error in refusing to instruct verdicts of acquittal of the appellants. We do not think acquittal of the guilty would properly result from misjoinder if it existed. But, as already pointed out, no misjoinder appears here.

When the trial was had, Nordone v. United States, 302 U.S. 379, 58 S.Ct. 275, 82 L.Ed. ——, construing the Federal Communications Act § 605, 47 U.S.C.A. § 605, to prohibit wire tapping by federal officers, had not been decided. The question of the admissibility of certain evidence of that sort in this case was not properly preserved. We are asked to look into it as a case of plain error requiring reversal. We will not do so. There is a great mass of evidence about intercepted communications, the greater part of which does not seem to be affected by the Federal Communications Act. If there be any part that is, it is only cumulative, and not of any controlling importance. No miscarriage of justice appears to have happened because of its admission.

The district attorney, in examining a witness, made a remark of an improper kind. The court rebuked it and threatened to fine the attorney if there was a repetition. The attorney apologized. There was no motion for a mistrial, or for any further action by the court. No ground for a new trial appears.

Many acts and statements of codefendants not in the presence of appellants were objected to. They appear to be within the rule that what is done and said by coconspirators in the execution of their enterprise is admissible against all.

The court charged in the words of the statute, 18 U.S.C.A. § 550, that all participants were principals, and then illustrated by saying that, if one of the appellants, Eichenbaum, rented his apartment to others for the purpose of storing the narcotics for sale, he would become guilty of the sales. No objection seems

to have been made specially in behalf of the appellant thus made prominent, but the general objection urged was that it was prejudicial to the rights of them all. We do not think so. The appellant who was mentioned did exactly what the judge said, and much more. No one else could have possibly been prejudiced by the illustration.

The sentences are unusually, and in Ginsberg's case extremely, severe. Ginsberg has a total imprisonment of 52 years, Payne 20 years, and Eichenbaum 10 years, besides fines. But the crimes are serious ones, and the judge, sentencing for each of the many offenses, had power to make the aggregate several times what it is. The punishment, while severe, is neither cruel nor unusual in the constitutional sense, but is in kind that which is usually visited by law, and in amount not exceeding what the law has fixed. The appellate court is without power to relieve from their burdensomeness. The pardoning power alone may relieve.

Judgment affirmed.