# SHANNON v. STATE.

No. A-11790. April 15, 1953.

Rehearing Denied May 6, 1953.

(256 P. 2d 475.)

David Tant, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Granville Scanland, County Atty., Oklahoma County, Oklahoma City, for defendant in error.

POWELL, P. J. George Patrick Shannon and Jene Hubbard Hardin were indicted by an Oklahoma county grand jury for the crime of extortion. A severance was granted and the defendant first named above was tried before a jury in the district court of Oklahoma county, and convicted, with punishment left to the court, the jury being unable to agree. The court assessed punishment at three years' confinement in the State Penitentiary. Appeal has been perfected to this court.

The indictment seems to have been found under 21 O.S. 1951 §§ 1481 and 1482. Section 1483 of the same Title prescribes punishment upon conviction not exceeding five years.

The judgment of the lower court was dated November 30, 1951, and the petition in error and record were filed in this court on May 29, 1952. Thus it will be noted that the defendant took advantage of the full six months in which to perfect appeal. Although no brief was filed, the case was set on the docket for oral argument for December 17, 1952, and thereafter additional time was granted defendant in which to file brief. Such time has expired.

We have read the petition in error, the indictment and the entire record very carefully. The defendant did not testify, and offered no evidence. There was ample evidence to support the indictment. In fact, the defendant after being advised of his constitutional rights prior to answering interrogatories interposed by officers, and which were taken down in shorthand, made a complete confession of his efforts to extort money from the manager of Humpty Dumpty Store No. 16, in Oklahoma City. He was caught in the store in the nighttime in the act of taking the money promised him after threats.

The jury recommended that the defendant be given a suspended sentence, but the court in passing sentence stated that he could not under the law consider the recommendation of the jury in that the defendant had previously been convicted of larceny, and on two other occasions for robbery. 22 O.S. 1951 § 991.

We find no error that would entitle the defendant to a new trial. Hulsey v. State, 82 Okla. Cr. 332, 169 P. 2d 771.

The judgment of the district court of Oklahoma County is accordingly affirmed.

JONES and BRETT, JJ., concur.