**Ernest Edmond ABBITT, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12092.**

Criminal Court of Appeals of Oklahoma.
April 6, 1955.

'Appeal from the District Court of Oklahoma County; Clarence Mills, Judge.

Ernest Edmond Abbitt was convicted of the crime of burglary in the second degree, and appeals. Appeal dismissed.

Odes J. Harwood, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

The Attorney General on September 30, 1954, filed herein a motion to dismiss the

within appeal. This motion was set for oral argument for October 20, 1954; counsel for the plaintiff in error did not appear for argument, and the case was submitted on the record and briefs.

The defendant was charged by information filed in the district court of Oklahoma County with the crime of burglary in the second degree; that he broke into a cleaning plant and took forty pairs of trousers and $5 in pennies. He was arraigned on September 18, 1953, and entered a plea of not guilty, but on November 9, 1953 withdrew his plea of not guilty and entered a plea of guilty, and date of sentence was set for November 23, 1953, at which time he was sentenced to serve a two year term in the State Penitentiary at McAlester.

The whole basis for appeal is that accused was surprised by the court not suspending the sentence. No allegation of promise by the court or officials is made. It was simply his thought that because he had not prior to such time been convicted of a felony, and because it is asserted that defendant was intoxicated at the time of the burglary, that defendant counted on such facts to bring about a suspended sentence.

■ If this matter was properly before us, such proposition could avail defendant nothing, because the matter of suspending or not suspending a sentence rests entirely within the discretion of the trial court. See Tit. 22 O.S.1951 § 991; Martin v. State, 67 Okl.Cr. 390, 94 P.2d 270; Ross v. State, 78 Okl.Cr. 293, 147 P.2d 797; Shannon v. State, 97 Okl.Cr. 18, 256 P.2d 475.

■■ However that may be, the Attorney General has pointed out that this court under the state of the record, does not have jurisdiction of the within appeal. Such contention must be and is sustained, for the reason that the judgment appealed from was entered on November 23, 1953, and the within appeal was not lodged in this court until June 2, 1954, which was more than six months after the entry of said judgment. The time for appeal commences running from the date of the judgment in a criminal case, and not from the date of the overruling of a motion for new trial. See Tit. 22 O.S.1951 § 1054; Dunn v. State, 18 Okl.Cr. 493, 196 P. 739; Clark v. State, 18 Okl.Cr. 145, 193 P. 1008; Howey v. State, 9 Okl. Cr. 453, 132 P. 499; Brown v. State, 89 Okl.Cr. 389, 208 P.2d 1143; Hooker v. State, 88 Okl.Cr. 203, 201 P.2d 933.

Accordingly, the within appeal is hereby dismissed.

JONES, P. J., and BRETT, J., concur.