George Hamilton BLACK, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A-17217.

Court of Criminal Appeals of Oklahoma.

Jan. 31, 1973.

Rehearing Denied May 23, 1973.

James C. Langley, Tulsa County Public Defender, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Raymond Naifeh, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, George Hamilton Black, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Tulsa County, Case No. CRF 71–1812, of Unlawful Delivery of Marijuana; his punishment was fixed at two (2) years imprisonment and from said judgment and sentence, a timely Writ of Certiorari has been perfected to this Court.

The defendant asserts four propositions of error, all of which concern the constitutionality of 63 O.S.1971, § 2–401(B)(2), which provides as follows:

"B. Any person who violates this section with respect to:

2. Any other controlled dangerous substance classified in Schedule I, II, III, or IV is guilty of a felony and shall be sentenced to a term of imprisonment for not less than two (2) years nor more than ten (10) years and a fine of not more than Five Thousand Dollars ($5,000.00). Such sentence shall not be subject to statutory provisions for suspended sentences, deferred sentences or probation."

The defendant argues that the section is unconstitutional and that Legislature has exceeded its constitutionally limited powers by invading the judicial domain, that the denial of the possibility of probation constitutes cruel and unusual punishment and violates due process and equal protection of the laws. We are of the opinion that the Legislature properly exercised its power to prohibit suspension of a sentence in a given case as an inherent part of its power to prescribe punishment for the acts which it has prohibited as criminal.

In Chatman v. Page, Okl.Cr., 484 P.2d 537 (1971) and Curry v. Page, Okl.Cr., 484 P.2d 887 (1971), we held that a trial court has the inherent power and authority to suspend a judgment and sentence, either in whole or in part, absent legislative authorization. In Curry and Chatman, supra, the trial court suspended a portion of the sentence without statutory authority to do so, wherein the instant case there is an expressed statutory prohibition against a suspended sentence. In dealing with a similar question in the case of Lathem v. United States, 5 Cir., 259 F.2d 393 (1958) the court stated:

"Probation and parole are a matter of legislative grace. There is no substance to appellant's contention that the power to grant probation and parole invades the power of the judiciary and violates the doctrine of separation of powers. Ex parte United States, 1916, 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129; Affronti v. United States, 1955, 350 U.S. 79, 76 S.Ct. 171, 100 L.Ed. 62. There is also no merit to the contention that denial of probation for a first offense is cruel and unusual punishment. The punishment, imprisonment, is usual. Ginsberg v. United States, 5 Cir., 1938, 96 F.2d 433."

The Court further stated in *Lathem, supra*:

"Appellant seems to think that a first offender is entitled to special consideration. He is right, but it is not the consideration he has in mind. The legislative history of the statute shows that the first offender is given special consideration—when it comes to trafficking in narcotics. He is denied probation and parole and sentenced to a minimum of five years imprisonment. The House and Conference Report on the bill that became the Narcotic Control Act of 1956, points out that eighty per cent of violators of the narcotics laws are first offenders. Therefore it is the view of your committee that the first-offender-peddler problem will become progressively worse and eventually lead to the large scale recruiting of our youth by the upper echelon of traffickers unless immediate action is taken to prohibit parole, probation, or suspension of sentence in case of all persons convicted in narcotic and marihuana drugs."

In conclusion, we observe that the provision of 63 O.S.1971, § 2–401, which prohibits the suspension of a sentence upon con-

viction of the sale of the enumerated items is constitutional. We further observe that such prohibition does not represent an encroachment upon the Judicial Branch by the Legislature, nor does the same violate the Fifth, Eighth, or Fourteenth Amendments to the Constitution. The judgment and sentence is affirmed.

BLISS, P. J., concurs.

BRETT, J., dissents.

BRETT, Judge (dissents).

I respectfully dissent to the majority decision in this matter. I believe the legislative enactment denies the constitutional concept of equal protection, and is an encroachment into the judicial powers concerning the execution of judgments and sentences, as imposed by the trial court.

Defendant, age 22, was charged with the unlawful delivery of 11 oz. of marihuana to an undercover police officer on October 4, 1971. While represented by court appointed counsel, defendant entered a plea of guilty under the apparent belief he would be considered for a suspended sentence and placed on probation. Defendant had no prior conviction. The trial court denied probation because of the statute "denying probation for this particular offense." Defendant's claim that this portion of the statute was unconstitutional was overruled by the trial court. Defendant then sought to withdraw his plea of guilty, which request was denied. Thereupon defendant was transported to the penitentiary. This Court granted certiorari to review the constitutional challenge.

Title 63 O.S.1971, § 2–401(B)(2), makes distribution of marihuana a felony punishable by "imprisonment for not less than two (2) years nor more than ten (10) years and a fine of not more than Five Thousand Dollars (5,000.00). Such sentence shall not be subject to statutory provisions for suspended sentences, deferred sentences or probation."

Defendant contends the portion of Section 2–401(B)(2) which denies the trial court the right to grant a suspended, or deferred sentence or probation, is unconstitutional as it is a legislative infringement on judicial discretion, constitutes a denial of equal protection of the law, constitutes cruel and unusual punishment, and denies due process of law. I believe defendant's contention is correct.

There is something patently unfair and violative to the equal protection concept when the legislature tells a court it may not suspend the sentence of a first offender who delivers 11 oz. of marihuana to a willing and eager recipient, and yet allows a court to suspend the sentence of a person convicted of murder, manslaughter, rape, or armed robbery, even after a previous felony conviction. I find no rational basis for such discrimination. I believe such inequality in treatment of offenders, bearing no ascertainable relation to the seriousness of the offense, is violative of the constitutional guaranty of just and equal laws. "When the law lays an unequal hand on those who have committed intrinsically the same quality of offense . . . it has made as invidious a discrimination as if it had selected a particular race or nationality for oppressive treatment." Skinner v. Oklahoma, 316 U.S. 535, 541, 62 S.Ct. 1110, 1113, 86 L.Ed. 1655 (1941).

Aside from the equal protection question, the claim of legislative encroachment on judicial discretion would also appear to be determinative of the constitutional challenge.

The Oklahoma Constitution provides that the powers of government shall be divided into the legislative, executive, and judicial departments and that each "shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others." Article IV, § 1. Accordingly, neither department can exercise the powers properly belonging to the other, and "it is the duty of each to abstain from and oppose encroachments on another." In re

Opinion of Judges, 25 Okl. 76, 105 P. 325 (1909).

It is fundamental that in this jurisdiction the "matter of suspending or not suspending a sentence rests entirely within the discretion of the trial court." Abbitt v. State, Okl.Cr., 282 P.2d 246 (1955). Given the power to suspend a sentence, this Court in Chatman v. Page, Okl.Cr., 484 P.2d 537 (1971), recognized that a trial "judge is invested· with the inherent power to suspend all or any part of the sentence imposed by him." In response to the argument that the statutes did not permit suspending a portion of a sentence, it was held that "the interest of justice can best be served by recognizing the power of a trial court to suspend the execution of a sentence either in whole or in part." 484 P.2d, at 538. The power to suspend existed at Common Law. Therefore, I believe suspending a sentence is a judicial function, not legislative.

The discretion to grant a suspended sentence is a judicial act like unto the discretion to grant a continuance. Since granting a continuance is a judicial matter, a legislative enactment which "attempts to deprive the courts of the power to determine whether a continuance be granted or denied, is an attempt by the legislature to destroy the principle of separation of powers, is an encroachment upon the powers of the courts of this state and thus violates Article IV, Section 1 of the Oklahoma Constitution." Booze v. District Court of Lincoln County, Okl.Cr., 365 P.2d 589, 592 (1961).

In addition, the provision of such blanket legislative dictates destroys the ultimate purpose of punishment for crime. The offender is before the court; the court has had the opportunity to consider the person's environmental background, his demeanor and general conduct; the court may obtain a pre-sentence report on the offender; and the court is in a position to evaluate the benefits, or detriments, of incarceration in a penal institution, as they pertain to that particular offender. Likewise, the discretion as applied by the trial courts of Oklahoma in the past has been commendable; and there appears no reason to believe the trial courts will abuse such discretion in the future.

I respectfully dissent to my colleagues' position. And I add further, considering the penal conditions which presently exist, the ultimate purpose of punishment for crime, the apparent interest in rehabilitation, and the fact that many of the appeals under the Dangerous Drug Act seem to be young first offenders, I believe the legislature should review those provisions of the act, bearing in mind the proper administration of justice.