David Lynn DRAUGHN, Appellant,

v.

The STATE of Oklahoma, Appellee.

Nos. C–74–564, C–74–565.

Court of Criminal Appeals of Oklahoma.

Sept. 5, 1975.

Maurice H. Merrill, Person E. Woodall, Norman, for appellant.

Larry Derryberry, Atty. Gen., Bill James, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, David Lynn Draughn, was charged in the District Court, Cleveland County, Case Nos. CRF–72–217 and CRF–72–422, with the respective offenses of Unlawful Delivery of Controlled Drug and Unlawful Delivery of Marijuana, in violation of 63 O.S.1971, § 2–401, and for the former offense was sentenced to two (2) years' imprisonment and a fine of One ($1.00) Dollar, and received a like sentence for the latter offense to run concurrent with the former. From each judgment and

sentence a proper and timely appeal by Petition for Writ of Certiorari was perfected to this Court in respective Case Nos. C–74–564 and C–74–565. This Court thereafter granted Writ of Certiorari in both cases, and have considered said cases together as each present identical and related questions for review.

Appellant essentially contends that he was denied his constitutional rights at the imposition of judgment and sentence because of the failure of the trial court to exercise discretion in considering the Appellant for a deferred sentence or a suspended sentence with or without probation. The trial court acted pursuant to the provisions of 63 O.S.1971, § 2–401, which then prohibited all such probationary sentences. Appellant argues that said statute purports to forbid the exercise of such discretion and is thus invalid and unconstitutional in that: (1) Said provisions transgress the inherent power of the judiciary, and Article IV, § 1 of the Constitution of Oklahoma and Article VII of the Constitution of Oklahoma requiring the separation of legislative, executive and judicial powers and vesting judicial power in the courts of the state; (2) Said provisions violate Article II, § 9 of the Constitution of Oklahoma and Amendment Eight of the Constitution of the United States which forbid the infliction of cruel and unusual punishment; (3) Said provisions violate Article II, § 7 of the Constitution of Oklahoma and Amendment Fourteen, § 1 of the Constitution of the United States, each of which forbids the State of Oklahoma to deprive any person of life, liberty or property without due process of law; and (4) Said provisions violate that part of Amendment Fourteen, § 1, of the Constitution of the United States which forbids any state to deny to any person equal protection of the laws.

These contentions must, however, be considered in light of 63 O.S.Supp.1975, § 2–401, which recently amended the subject statute to now read as follows:

"A. Except as authorized by this act, it shall be unlawful for any person: 1. To manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense, a controlled dangerous substance;

2. To create, distribute, or possess with intent to distribute, a counterfeit controlled dangerous substance.

B. Any person who violates this section with respect to:

1. A substance classified in Schedule I or II which is a narcotic drug or lysergic acid diethylamide (LSD) is guilty of a felony and shall be sentenced to a term of imprisonment for not less than five (5) years nor more than twenty (20) years and a fine of not more than Twenty Thousand Dollars ($20,000.00). Such sentence shall not be subject to statutory provisions for suspended sentences, deferred sentences or probation *except where the conviction is for a first offense*. The provisions of this paragraph shall be applicable to all cases under this paragraph whether or not judgment and sentence on the effective date of this act have become final.

2. Any other controlled dangerous substance classified in Schedule I, II, III, or IV is guilty of a felony and shall be sentenced to a term of imprisonment for not less than two (2) years nor more than ten (10) years and a fine of not more than Five Thousand Dollars ($5,000.00). Such sentence shall not be subject to statutory provisions for suspended sentences, deferred sentences or probation *except where the conviction is for a first offense*. The provisions of this paragraph shall be applicable to all cases under this paragraph whether or not judgment and sentence on the effective date of this act have become final.

3. A substance classified in Schedule V is guilty of a felony and shall be sentenced to a term of imprisonment for not more than five (5) years and a fine of not more than One Thousand Dollars ($1,000.00).

C. Any person convicted of a second or subsequent violation of this section is

punishable by a term of imprisonment twice that otherwise authorized and by twice the fine otherwise authorized. Convictions for second or subsequent violations of this section shall not be subject to statutory provisions for suspended sentences, deferred sentences or probation.

"D. Any person who is at least twenty-one (21) years of age and who violates this section by distributing a controlled dangerous substance to a person under eighteen (18) years of age is punishable by twice the fine and by twice the imprisonment otherwise authorized."

[Emphasis added]

■ We therefore conclude that as to the first conviction in Case No. CRF–72–217, the Appellant's contentions have been rendered moot since the trial court now has the authority to consider the Appellant for a deferred or suspended sentence.[1] As to that conviction, Appellant may now seek relief under the recent amendment to the subject statute. Upon proper application to the trial court, in that case, the trial judge may, within the discretionary power granted by statute: (1) vacate the judgment and sentence and defer sentencing under the provisions of 22 O.S.1971, § 991c; (2) suspend execution of the judgment and sentence under the provisions of 22 O.S.1971, § 991a; or (3) deny the application. See, *Lampe v. State*, Okl.Cr., 540 P.2d 590 (1975).

■ However, as to the Appellant's conviction in Case No. CRF–72–422, we hold that he may not seek such relief and uphold the constitutionality of that statute as now amended by virtue of the previous decisions of this Court in *Black v. State*, Okl.Cr., 509 P.2d 941 (1973) and *Doyle v.*

*State,* Okl.Cr., 511 P.2d 1133 (1973), wherein we rejected such contentions and upheld the statutory prohibition against the deferment or suspension of such sentences under that statute prior to the aforesaid amendment thereof. In passing we observe that this same contention was also rejected in the unpublished decision of this Court in *Dennis v. State,* Case No. C–73–423 (April 18, 1974), which decision was appealed to the United States Supreme Court and dismissed for want of a substantial federal question in *Dennis v. Oklahoma,* 419 U.S. 1014, 95 S.Ct. 487, 42 L. Ed.2d 288 (1974).

In conclusion, we observe that the record is free of any error which would justify modification or reversal. The judgments and sentences appealed from are, accordingly, *affirmed,* and the Clerk of this Court is directed to issue the Mandate *forthwith.*

BLISS, J., concurs.

BRETT, P. J., concurs in part, and dissents in part.

BRETT, Presiding Judge (concurring and dissenting in part):

I concur that insofar as Appellant entered pleas of guilty that the judgment of the court finding him guilty must stand; and I concur with that part of this decision that recites Appellant is entitled to certain consideration by the court concerning the sentence to be imposed. However, I dissent to any reference to *Black v. State,* Okl.Cr., 509 P.2d 941 (1973), and refer to my dissent therein. I believe the trial court possesses inherent authority to enter such sentence as is necessary in order to accomplish justice.

[1]. It should be noted that for this conviction to fall within the purview of the recent legislation, the Appellant must not have been previously convicted of any offenses under 63 O.S., § 2–401. If the trial court does find that Appellant has been previously convicted of any such offenses, then in that event, none of the convictions in the above styled and numbered causes fall within the purview of the recent legislative enactment and the Appellant cannot be considered for deferment or suspension of the sentences in said convictions.