**Larry Ray ATWOOD, Appellant,**

v.

**The STATE of Oklahoma.**

**No. F–74–790.**

Court of Criminal Appeals of Oklahoma.

Sept. 19, 1975.

Charles F. Cox, Jr., Norman, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

BLISS, Judge:

Appellant, Larry Ray Atwood, hereinafter referred to as defendant, was charged in the District Court, Cleveland County, Case No. CRF–72–213, for the offense of Unlawful Delivery of Controlled Drug, in violation of 63 O.S.1971, § 2–401, ¶B 2, and pursuant thereto was sentenced to a term of two (2) years' imprisonment and a fine of One ($1.00) Dollar and court costs. From said judgment and sentence, a timely appeal has been perfected to this Court.

In his sole assignment of error the defendant argues that 63 O.S.1971, § 2–401, the statute of which he was convicted of violating, is unconstitutional in that it prohibits the granting of suspended sentences, deferred sentences, or probation in cases involving controlled dangerous substances enumerated in the Act. We must consider this contention in light of the recent legislative enactment, 63 O.S.Supp.1975, § 2–401, wherein it states:

"A. Except as authorized by this act, it shall be unlawful for any person:

"1. To manufacture, distribute, dispense, or possess with intent to manufac-

ture, distribute or dispense, a controlled dangerous substance;

"2. To create, distribute, or possess with intent to distribute, a counterfeit controlled dangerous substance.

"B. Any person who violates this section with respect to:

"1. A substance classified in Schedule I or II which is a narcotic drug or lysergic acid diethylamide (LSD) is guilty of a felony and shall be sentenced to a term of imprisonment for not less than five (5) years nor more than twenty (20) years and a fine of not more than Twenty Thousand Dollars ($20,000.00). Such sentence shall not be subject to statutory provisions for suspended sentences, deferred sentences or probation except where the conviction is for a first offense. The provisions of this paragraph shall be applicable to all cases under this paragraph whether or not judgment and sentence on the effective date of this act have become final.

"2. Any other controlled dangerous substance classified in Schedule I, II, III or IV is guilty of a felony and shall be sentenced to a term of imprisonment for not less than two (2) years nor more than ten (10) years and a fine of not more than Five Thousand Dollars ($5,000.00). Such sentence shall not be subject to statutory provisions for suspended sentences, deferred sentences or probation except where the conviction is for a first offense. The provisions of this paragraph shall be applicable to all cases under this paragraph whether or not judgment and sentence on the effective date of this act have become final.

"3. A substance classified in Schedule V is guilty of a felony and shall be sentenced to a term of imprisonment of not more than five (5) years and a fine of not more than One Thousand Dollars ($1,000.00).

"C. Any person convicted of a second or subsequent violation of this section is punishable by a term of imprisonment twice that otherwise authorized and by twice the fine otherwise authorized. Convictions for second or subsequent violations of this section shall not be subject to statutory provisions for suspended sentences, deferred sentences or probation.

"D. Any person who is at least twenty-one (21) years of age and who violates this section by distributing a controlled dangerous substance to a person under eighteen (18) years of age is punishable by twice the fine and by twice the imprisonment otherwise authorized."

We, therefore, conclude that such recent legislative enactment has rendered this assignment of error moot, as the trial court now has the authority to consider the defendant for a deferred or suspended sentence. We further note that the constitutionality of the statute was upheld in *Black v. State*, Okl.Cr., 509 P.2d 941 (1973) and *Doyle v. State*, Okl.Cr., 511 P.2d 1133 (1973), and was recently reaffirmed in its amended form in *Draughn v. State*, Okl. Cr., 539 P.2d 1389, C-74-564 and C-74-565 (1975).[1] This Court further advises the defendant that this Court's opinion today does not preclude the defendant from seeking relief on the basis of the recent legislative enactment, supra. Upon proper application to the trial court, the trial judge, within the legislative authorized discretion may: (1) vacate the judgment and sentence and defer sentencing under the provisions of 22 O.S.1971, § 991c; (2) suspend execution of the judgment and sen-

---

1. As this Court noted in *Draughn v. State*, Okl.Cr., 539 P.2d 1389, C-74-564 and C-74-565 (1975), for this conviction to fall within the purview of the recent legislation, the defendant must not have been previously convicted of any offenses under 63 O.S., § 2-401. If the trial court does find that defendant has been previously convicted of any such offenses then, in that event, the conviction in the above styled and numbered cause does not fall within the purview of the recent legislative enactment and the defendant cannot be considered for deferment or suspension of the sentence in said conviction.

tence under the provisions of 22 O.S.1971, § 991a; or, (3) deny the application.

For all the above and foregoing reasons, the judgment and sentence is, accordingly, affirmed.

BRETT, P. J., not participating.

BUSSEY, J., concurs.