**Lawrence Worth JONES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. C–74–580.**

Court of Criminal Appeals of Oklahoma.

Sept. 24, 1975.

Stephen Jones, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Byron L. Wilhite, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Lawrence Worth Jones, hereinafter referred to as defendant, entered a plea of guilty in the District Court, Cleveland County, Case No. CRF–72–437, to the charge of Unlawful Delivery of Marihuana, in violation of 63 O.S.1971, § 2–401, and was sentenced to two (2) years' imprisonment and a fine of One ($1.00) Dollar. From said judgment and sentence, a timely appeal by petition for writ of certiorari was perfected to this Court and thereafter granted.

Of the four propositions raised in defendant's brief, the first three are premised on but one assignment of error, i.e., error of the trial court in denying defendant's motion to withdraw his plea of guilty. The record reveals that defendant was charged with two offenses of Unlawful Delivery of Marihuana in the above case and case number CRF–72–425 of the trial court. Following preliminary hearing in both cases, he thereafter entered a plea of guilty in the subject case as charged, and plead guilty to reduced misdemeanor charges of Unlawful Possession of Marihuana in the latter case. Judgment and sentence was then postponed pending a pre-sentence investigation report, and the defendant later received a six month jail sentence for the misdemeanor offense which was suspended upon probation. Defendant contends that this disposition of both cases was made pursuant to a negotiated plea agreement approved by the trial court whereby the defendant justifiably and reasonably understood that the imposition of judgment and sentence in the felony case would be indefinitely postponed should the pre-sentence investigation report favor probation, notwithstanding that the provisions of 63 O.S.1971, § 2–401, then prohibited suspended, deferred, or probationary sentences for such offenses.

This contention, however, is contradicted by the record presented to this Court. The transcript of proceedings upon entry of the plea of guilty establishes that the defendant, a 23-year-old university senior of above average intelligence, knowingly, voluntarily and intelligently plead guilty following lengthy sworn examination by defense counsel, the prosecutor and the trial judge. Commensurate therewith the defendant also executed a check list wherein the trial court found that the defendant properly acknowledged that he understood the assessment of punishment was the duty of the court and any recommendation of the respective parties was not binding upon the court. The most pertinent part of such examination by counsel who then represented the defendant, Mr. William O. Fields of Norman, Oklahoma, and the trial court was as follows:

"Q. Do you understand the punishment for the felony offense of Unlawful Delivery of Marijuana?

"A. Yes, sir, I do understand.

"Q. Would you tell the Court what you believe the minimum and maximum punishment for this crime is?

"A. I believe the minimum for this crime is two years with a maximum of ten years.

"Q Is there any fine?

"A. Yes, sir, I believe not to exceed five thousand dollars.

\*      \*      \*      \*      \*      \*

"Q. Okay. Has anyone made any promises concerning your plea today?

"A. No, there have been no promises made.

"Q. All right. Are you aware that your attorney has consulted with and has had some negotiation with the District Attorney's Office?

"A. Yes, I have discussed these negotiations with my attorney.

"Q. And has the result of those negotiations been conveyed to you?

"A. It has been mentioned to myself by my attorney that there is a possibility of postponement of sentencing in this matter.

"Q. Okay. What about the recommendation of the D.A. upon a plea of guilty? What have you been led to believe there, or what have you been told?

"A. I am sorry. I really don't understand your question.

"Q. All right. Has your attorney . . . have I conveyed to you what the recommendations of the District Attorney will be at the time of sentencing?

"A. Yes, you have.

"Q. All right. Would you tell the Court what I have told you?

"A. You informed me that the recommended sentence by the D.A.'s Office following a conviction of a felony would be a minimum sentence of two years.

"Q. Okay. Now, you understand . . . or what do you understand the Court's rights to be, or the judge here, after a recommendation by me or the D. A.?

"A. I understand that the Court, the judge within the Court, has complete jurisdiction, and any judgment made by the Court will be made by the judge and neither by my attorney or the prosecution.

"Q. In other words, in spite of what I might recommend or what the District Attorney's Office recommends, you understand that the judge has the final say, and he can impose whatever sentence he sees fit under the circumstances.

    *     *     *     *     *     *

"A. That is correct.

"BY THE COURT: Has anybody promised you anything that is causing you to enter this plea against your better judgment?

"BY MR. JONES: No, it is just in my better judgment, what I consider to be my best judgment after consultation with my attorney to enter this plea." (Tr. 11–12, 18–20 and 35)

Upon judgment and sentencing, the defendant was represented by Mr. Stephen Jones of Enid, Oklahoma, and the following proceedings pertinent to this assignment were had:

"[BY THE COURT]: Now what do you have to present in connection with your application to withdraw guilty plea, . . ." (Tr. 53)

    *     *     *     *     *     *

"BY MR. S. JONES: . . . my understanding from this Court's records here is that this Defendant was charged with two felony counts, or two felony Informations, pursuant to plea negotiations. The Defendant entered a plea of guilty to a reduced charge of Possession of Marijuana in CRF–72–425, and the Court imposed judgment and sentence in that case and sentenced him to six months in the County Jail, which was suspended. And, in the other case,—437, the Defendant, pursuant to plea negotiations, a plea of guilty was entered, with the understanding that he would, also, plead guilty to the reduced charge and that the plea of guilty would be accepted, but no judgment and sentence would be imposed if the Pre-Sentencing Report was favorable. The Pre-Sentencing Report was favorable. It is our position that . . . . and I understand the position that the Court in placed in, but our position is that that constitutes an abrogation of the plea negotiations.

"BY THE COURT: Well, did he not testify under oath at the time of his plea of guilty that he understood that the judge would pronounce sentence in this case on that plea of guilty?

"BY MR. S. JONES: Your Honor, if he did, it is not reflected in the record, and I have checked that, and I don't see a Transcript of that. There may well have been a Transcript made. It is not reflected in any one of the two files that I have, your Honor.

"In any event, the Attorney General advised the Oklahoma Court of Criminal Appeals [writ of prohibition proceedings in Case No. P–74–334] that . . . . that what I have just represented to the

Court was, in fact, the position of the State of Oklahoma.

"BY THE COURT: Well, I would be a little disappointed if that represented the position of the District Attorney of Cleveland County.

"BY MR. BOSWELL [Assistant District Attorney]: I would like to be heard on that at the appropriate time, your Honor, in answer to the statements made by counsel.

"BY THE COURT: Well, Mr. Jones, wasn't here. So I am sure that he is dependent upon the rankest kind of hearsay, but . . .

"BY MR. BOSWELL: Specifically, the State denies that portion of his Petition that says there was ever an agreement, between myself and this Court and Mr. William O. Fields of the Cleveland County Bar, that no judgment and sentence would be pronounced if the Pre-Sentence Report was favorable. At the appropriate time I am prepared to call Mr. William O. Fields under oath to so testify. He has told me that . . . informed me that he will.

"BY MR. JONES: I don't dispute that that is Mr. Boswell's recollection, and your Honor is correct. I wasn't here. My only statement to the Court was that the Attorney General's Office's statement is different from Mr. Boswell, and that is the one I am relying upon.

"BY THE COURT: Well, I don't think any of them were here either. So I wouldn't put too much faith in that.

"The request to withdraw plea of guilty previously entered will, also, be over-ruled, exceptions allowed." (Tr. 54–57)

■ In order to properly present this assignment for review, the defendant should have introduced evidence in support thereof upon the hearing of his application to withdraw the plea of guilty. Rule 3.1 of this Court, 22 O.S.Supp.1974, Ch. 18, App., provides:

"To appeal from any conviction from a plea of guilty, the convicted person must have filed an Application to Withdraw the Plea of Guilty within ten (10) days from the date of pronouncement of Judgment and Sentence, setting forth in detail the grounds for such withdrawal of the plea and requesting an Evidentiary Hearing in the trial court, and said trial court must have held said Evidentiary Hearing and denied said Application within thirty (30) days from the date of filing the same. *No question may be raised in the Petition for Writ of Certiorari which requires an Evidentiary Hearing unless the same has been raised in the Application to Withdraw Plea in the trial court and a hearing held thereon.*" (Emphasis Added)

■ As the record establishes that the defendant entered a proper and valid plea of guilt and fails to support this assignment, we are of the opinion that the same is without merit. In *Avance v. State,* Okl.Cr., 497 P.2d 467, 470 (1972), this Court held in pertinent part that:

"Thus, having determined that the defendant voluntarily and intelligently entered a guilty plea, and that he personally entered such a plea in open court, we are left with the final question of whether the trial court erred in refusing to grant defendant's request to withdraw his guilty plea. It is a familiar rule of this Court that the granting or denying of permission to withdraw a plea of guilty and substitute a plea of not guilty is a matter within the sound discretion of the trial court and its action will be upheld unless abuse of discretion clearly appears in the record. *Green v. State,* Okl.Cr., 327 P.2d 704. *Pierce v. State,* Okl.Cr., 394 P.2d 241. There is an implication in the record that there may have been an agreement between the defendant's attorney and the District Attorney that if defendant successfully entered the military service, defendant would be granted probation. The record is not conclusive as to whether or not there was such an agreement. Furthermore, at the time the defendant was ad-

vised of his rights by the court and entered his plea of guilty on September 9, 1970, he was expressly asked if he had been promised any benefit for entering such a plea. Defendant personally denied any such promise while represented by counsel. We, therefore, find that the defendant was not induced to enter a guilty plea and the trial court did not abuse discretion in refusing to allow withdrawal of the guilty plea. . . ."

In his final assignment of error the defendant contends that the trial court, through delay, lost jurisdiction to impose judgment and sentence. Defendant's plea of guilty was entered on January 31, 1973, and judgment and sentence was not imposed until some 16 months thereafter on June 3, 1974. However, sentencing was initially delayed at the request of the defendant for a pre-sentence investigation report, and he did not thereafter move to have the case set for sentencing. (Tr. 20, 44 and 53) The Pre-Sentence Investigation Report was filed with the trial court on April 23, 1973, and the ultimate date for sentencing was set on February 23, 1974.

The defendant seemingly argues that the trial court lost jurisdiction by indefinitely postponing sentencing so as to circumvent the provisions of 63 O.S.1971, § 2–401, which then prohibited all probationary sentences for this offense, and the defendant could not be expected to request sentencing since his reasonable expectation was that sentence would never be imposed pursuant to the negotiated plea agreement approved by the trial court. We have already observed that the record does not support this argument. Further, the announcement of the trial court following defendant's plea of guilty and request for a pre-sentence investigation report reveals that the court ultimately intended to pronounce judgment and sentence. That announcement was as follows:

". . . A pre-sentencing Report will be requested, and after that has been received by the Court, counsel will be noti-

fied and the case set down for some day certain, subject, of course, to sentencing being advanced at the request of either party if good cause is shown in connection therewith.

"Pending sentencing, the Defendant will be ordered released on the bond previously posted." (Tr. 44–45)

█ Although the record does not reveal the reason for the delay, we are of the opinion that this proposition too is without merit under the circumstances of this case. The defendant initially requested the delay in sentencing for a pre-sentencing investigation, and did not move to have the case set for sentencing when that report was filed three months later, nor during the ensuing ten months prior to when sentencing was scheduled by the trial court. He was at liberty on bail during this period, and has failed to demonstrate any prejudice in this regard. See *Jackson v. Page*, Okl.Cr., 411 P.2d 555 (1966), certiorari denied, 385 U.S. 854, 87 S.Ct. 101, 17 L.Ed.2d 82, and *Boykin v. State*, 86 Okl.Cr. 175, 190 P.2d 471 (1948), and authority collected therein.

This case was previously consolidated for oral argument with related cases involving other defendants. The contention was thereupon raised and authority submitted in support thereof that the defendant was denied his constitutional rights at the imposition of judgment and sentence because of the failure of the trial court to exercise discretion in considering the defendant for a deferred sentence or a suspended sentence with or without probation. The trial court acted pursuant to the provisions of 63 O.S.1971, § 2–401, which as previously noted then prohibited all such probationary sentences. Argument was then presented that said statute purports to forbid the exercise of such discretion and is thus invalid and unconstitutional in that: (1) said provisions transgress the inherent power of the judiciary, and Article IV, Section 1, of the Constitution of Oklahoma and Article VII of the Constitution of

Oklahoma requiring the separation of legislative, executive and judicial powers and vesting judicial power in the courts of the State; (2) said provisions violate Article II, Section 9, of the Constitution of Oklahoma and Amendment 8 of the Constitution of the United States which forbid the infliction of cruel and unusual punishment; (3) said provisions violate Article II, Section 7, of the Constitution of Oklahoma and Amendment 14, Section 1, of the Constitution of the United States, each of which forbid the State of Oklahoma to deprive any person of life, liberty or property without due process of law; and, (4) said provisions violate that part of Amendment 14, Section 1, of the Constitution of the United States which forbids any state to deny to any person equal protection of the laws.

■ This contention must, however, be considered in light of 63 O.S.Supp.1975, § 2-401, which recently amended the subject statute to now prohibit suspended sentences, deferred sentences or probation "except where the conviction is for a first offense." We therefore conclude that this contention has been rendered moot since the trial court now has authority to consider the defendant for a deferred or suspended sentence, and defendant may now seek relief under the recent amendment to that statute. Since the record reveals this to be the defendant's first conviction for violation of that statute, and assuming he has not since incurred a conviction for violation thereof, the trial court may, upon proper application and within the discretionary power granted by statute: (1) vacate the judgment and sentence and defer sentencing under the provisions of 22 O.S. 1971, § 991c; (2) suspend execution of the judgment and sentence under the provisions of 22 O.S.1971, § 991a; or, (3) deny the application. See, *Lampe v. State*, Okl. Cr., 540 P.2d 590 (1975). Further, the constitutionality of that statute as now amended was recently upheld by this Court in *Draughn v. State*, Okl.Cr., 539 P.2d 1389 (1975).

In conclusion, we observe the record is free of any error which would justify modification or reversal. Judgment and sentence appealed from is, accordingly, *affirmed*.

BRETT, P. J., and BLISS, J., concur.