Jack Gayle. **WINDHAM, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–75–149.

Court of Criminal Appeals of Oklahoma.

Feb. 3, 1976.

Simon B. Spradlin, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Jahn D. Rohrer, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Jack Gayle Windham, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–74–1077, for the offense of Unlawful Distribution of a Controlled Dangerous Substance, Marihuana, in violation of 63 O.S. 1971, § 2–401B(2). The jury fixed his punishment at three (3) years' imprisonment and a fine of One Thousand ($1,000.00) Dollars, and from said judgment and sentence a timely appeal has been perfected to this Court.

Officer Richard M. Fleming of the Midwest City Police Department first testified at the trial that he was assigned to the Detective Division and performing undercover narcotic investigation on March 6, 1974. At about 8:20 p. m. on that date, he arrived at Doodles Hide-A-Way recreation hall located at 300 Bizzell Street, Oklahoma County, Oklahoma, wired with a small microphone and under the surveillance of Detective Jack Hill who parked a short distance away. Inside the amusement center he was approached by the defendant who was previously known to him as "Boob." He asked the defendant if he knew where some dope could be purchased and the defendant replied that he did know where he could get some weed. The witness then stated that he would like to get a lid and the defendant said that he had to meet with his connection and purchase some marihuana for two other individuals but he would get some for the witness and return in a few minutes. The defendant then departed in a 1973 chocolate brown and white Ford Torino bearing Oklahoma license MU 5338 which was registered to L. Windham of Davis, Oklahoma. The witness remained outside and the defendant returned in about 15 minutes with two young white females in the vehicle. The

defendant then motioned for the witness to come to the car. At the defendant's direction, the witness leaned inside the driver's side of the vehicle and the defendant handed him a clear plastic bag containing a green leafy substance. The defendant said that it was good stuff and the witness gave him a ten dollar bill which the defendant placed in a pocket of his trousers. The defendant then entered the amusement center and the witness departed at about 8:50 p. m. The witness then proceeded to the Turtle Creek Apartments where the evidence was labeled and released to Detective Hill. State's Exhibit No. 1 was admitted after being identified as the evidence thus obtained.

Detective Jack Hill of the Midwest City Police Department then testified that at about 8:30 p. m. on March 6, 1974, he was conducting surveillance of Officer Fleming at Doodles. He parked in a nearby lot equipped with an electronic receiving unit and binoculars. Officer Fleming was observed to enter the amusement center and then came back out with another individual who departed in a late model Ford. When the same car returned, Officer Fleming approached the vehicle and the witness overheard an affirmative reply to an inquiry as to whether this was good stuff. Officer Fleming then returned to his vehicle and proceeded to the Turtle Creek Apartments. State's Exhibit No. 1 was identified as the baggie the witness there received from Officer Fleming. State's Exhibit No. 2 was identified as the evidence envelope in which the witness sealed State's Exhibit No. 1, and both exhibits were then secured in a locked evidence desk at the police station.

Officer Fred Myers of the Midwest City Police Department next identified State's Exhibit No. 2 as the envelope he removed from a locked evidence desk at the police station and transported to the Oklahoma Crime Bureau. State's Exhibit No. 2 was then admitted into evidence.

Michael Rex McGeehon, a forensic chemist with the Oklahoma State Bureau of Investigation, then testified as the final witness in chief for the State. State's Exhibits Nos. 1 and 2 were identified and the witness testified that he previously removed State's Exhibit No. 1 from the sealed evidence envelope and in laboratory analysis determined its contents to be marihuana.

Susan Coughran then testified as the first defense witness that she was a friend of the defendant and saw him at Doodles on the night of March 6, 1974, driving a 1974 beige or tan over light brown Grand Torino. She further testified that they departed together in his vehicle at about 7:30 p. m. and did not return to Doodles until approximately 11:30 p. m. The witness established the date of this incident by reference to her overtime payroll records.

The defendant then testified in his own behalf and denied the subject charge. He explained that he could not have first met Officer Fleming in February of 1974, as that witness had testified, since he was then working and living in Davis, Oklahoma. The only conversation that he ever had with Officer Fleming was at Doodles where the officer confronted him and asked if he knew where any marihuana was and the defendant replied that he did not. The defendant further testified that he was driving his mother's beige-tan over saddle bronze 1974 Ford Torino on the night of March 6, 1974, and that he met Susan Coughran at Doodles where they departed shortly after 7:30 and did not return until shortly before midnight.

Eugene L. Copenhaver and Margaret Thomas appeared as character witnesses for the defendant, as also did Valarie Hasten and the defendant's mother, Lois Windham, who further testified that during February of 1974, the defendant was living and working in Davis, Oklahoma.

The defense then rested and no evidence was introduced in behalf of the State in rebuttal.

■ In his first assignment of error the defendant attacks the constitutionality of

that part of 63 O.S.1971, § 2–401, which prohibits deferred or suspended sentences in such cases. The assignment is based upon the proposition that mandatory imprisonment for such offenses constitutes a denial of due process and equal protection of the law, cruel and unusual punishment, and legislative infringement upon the powers constitutionally vested in the judicial branch of government. The defendant recognizes that this statute was subsequently amended by 63 O.S.Supp.1975, § 2–401, to permit deferred or suspended sentences where the conviction is for a first offense, and prays that the case be remanded for resentencing pursuant thereto.

This proposition has, however, previously been resolved by this Court. In *Black v. State*, Okl.Cr., 509 P.2d 941 (1973) and *Doyle v. State*, Okl.Cr., 511 P.2d 1133 (1973), we upheld the statutory prohibition against the deferment or suspension of such sentences under that statute prior to the aforesaid amendment thereof. In *Draughn v. State*, Okl.Cr., 539 P.2d 1389 (1975), the constitutionality of that statute as now amended was recently upheld against challenge upon identical grounds. However, the amendment was expressly made applicable to all such cases whether or not judgment and sentence had become final on the effective date of the Act, and in *Lampe v. State*, Okl.Cr., 540 P.2d 590 (1975), we first held that upon proper application and within the discretionary power granted by statute the trial court may, upon first conviction for violation of that statute: (1) vacate the judgment and sentence and defer sentencing under the provisions of 22 O.S.1971, § 991c; (2) suspend execution of the judgment and sentence under the provisions of 22 O.S. 1971, § 991a; or, (3) deny the application. Also see, *Towry v. State*, Okl.Cr., 540 P.2d 597 (1975), and *Jones v. State*, Okl.Cr., 541 P.2d 219 (1975). Assuming this to be the

defendant's first conviction for violation of that statute, we therefore conclude that this assignment has been rendered moot since the trial court now has authority to consider the defendant for a deferred or suspended sentence, and he may now seek such relief under the recent amendment to that statute. If the defendant was previously convicted for violation of that statute, however, the trial court is without authority to entertain such an application by virtue of the decision of this Court in *Draughn,* supra.

■ In his final assignment of error the defendant contends that the trial court improperly restricted the scope of voir dire examination, made prejudicial comments upon the evidence, and permitted improper cross-examination of defense witnesses. However, no authority is presented in support of this proposition. In *Sandefur v. State*, Okl.Cr., 461 P.2d 954, 956 (1969), we quoted with approval from *Collins v. State*, Okl.Cr., 407 P.2d 609 (1965), in recognizing that this Court has repeatedly held that:

" 'It is necessary for counsel for plaintiff in error not only to assert error, but to support his contentions by both argument and the citations of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this court will not search the books for authorities to support the mere assertion that the trial court has erred.' "

After careful examination we have concluded that the record is free of any error which would justify modification or reversal under this assignment of error, and therefore hold this proposition to be without merit.

For the above and foregoing reasons the judgment and sentence appealed from is, accordingly, *affirmed.*